```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                              CRIMINAL ACTION NO. 2:14-00153

**BOBBY RAY EVANS**

## SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
## MEMORANDUM OPINION AND ORDER

On December 18, 2017, the United States of America appeared by Monica D. Coleman, Assistant United States Attorney, and the defendant, Bobby Ray Evans, appeared in person and by his counsel, John A. Carr, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Patrick M. Fidler. The defendant commenced a three-year term of supervised release in this action on May 12, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on January 6, 2015.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on April 4, 2017, for methamphetamine and amphetamine, the defendant having admitted to the probation officer that he used methamphetamine on April 1, 2017, and Adderall, for which he did not have a prescription, on April 3, 2017; a positive urine specimen submitted by him on April 17, 2017, for cocaine, the defendant having admitted to the probation officer that he used the substance a couple of days prior to submitting the sample; his admission to the probation officer on June 13, 2017, that he used cocaine and marijuana approximately two days prior; a positive urine sample submitted by him on June 22, 2017, for amphetamine, methamphetamine and marijuana; a positive urine specimen submitted by him on July 11, 2017, for methamphetamine, the defendant having admitted to the probation officer that he used it three days prior; a positive urine sample submitted by him on July 24, 2017, for amphetamine, methamphetamine, cocaine, marijuana and oxymorphone; a positive urine specimen submitted by him on August 1, 2017, for cocaine and marijuana, the

defendant having admitted to the probation officer that he used cocaine approximately two days prior and marijuana approximately sixteen days prior; his admission to the probation officer on September 12, 2017, that he had used marijuana and was smoking about two grams of the substance every other day, that he used methamphetamine approximately three days prior and was using $20 worth of the substance per month and that he had dropped a balloon while in the Robert C. Byrd United States Courthouse that contained ecstasy tablets; and a positive urine specimen submitted by him on November 9, 2017, for amphetamine, methamphetamine, marijuana and cocaine, the defendant having admitted to the probation officer that he had used methamphetamine and cocaine approximately two days prior and marijuana one day prior; (2) the defendant failed to attend individual substance abuse counseling and treatment in May and August, 2017; (3) the defendant failed to attend group substance abuse counseling and treatment on June 20, 27 and 29, July 13, August 3, 8, 10, 22, 24, 29 and 31, September 4, 7, 19 and 21, 2017; and (4) the defendant failed to appear for urine screens as instructed on April 7, May 3 and 11, July 12, August 7 and 31, and September 11 and 22, 2017; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to be followed by a term of thirty (30) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in and successfully complete the 9 to 12 month residential drug abuse treatment program at Recovery Point, at a location to be

determined, where he shall follow the rules and regulations of the facility and participate in drug abuse counseling and treatment as directed by the facility and the probation officer. The defendant shall report to the program immediately upon his release from custody and shall travel directly to the program without interruption with transportation to be provided by his girlfriend, Kaci Hurley.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: December 20, 2017

_____
John T. Copenhaver, Jr.
United States District Judge